# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 14-00009 |
| Plaintiff, | |
| vs. | **ORDER AND DECISION RE MOTION TO DISMISS THE INDICTMENT** |
| FRANCISCO C. ARIAS and EDER J. CORTEZ-ZELAYA, | |
| Defendants. | |

This matter is before the court on Defendant Eder J. Cortez-Zelaya's Motion to Dismiss the Indictment. *See* ECF No. 578. A joinder to the motion to dismiss was filed by Defendant Francisco C. Arias. *See* ECF Nos. 580 and 603. The court heard the parties' oral argument on March 10, 2016. At the hearing, the court orally denied the motion. The court now issues its written decision, setting forth the bases for its decision in **DENYING** the Motion to Dismiss the Indictment.

I. **BACKGROUND**

On March 19, 2014, Defendant Francisco C. Arias ("Arias") was charged with the following counts: Count 1, Conspiracy to Distribute Methamphetamine; Count 2, Conspiracy to Commit Money Laundering; and Counts 3 and 6, Unlawful Use of the Mail to Facilitate the

1

Conspiracy to Distribute Methamphetamine. *See* Indictment, ECF No. 1. Defendant Eder J. Cortez-Zelaya ("Cortez-Zelaya") was charged with Count 1, Conspiracy to Distribute Methamphetamine; Count 2, Conspiracy to Commit Money Laundering; and Counts 4 and 5, Unlawful Use of the Mail to Facilitate the Conspiracy to Distribute Methamphetamine. *Id.*

On November 6, 2014, both Defendants were found guilty of all counts and were set to be sentenced on November 25, 2015. *See* ECF Nos. 279 and 280. However, the day before sentencing, Defendant Cortez-Zelaya filed the instant motion to dismiss and Defendant Arias joined in the motion.

The Government does not dispute the fact that Defendants resided in Nevada at the time of the Indictment and that neither Defendant had been on Guam during the course of the conspiracy. *See* ECF No. 604, at 2. Evidence presented at trial shows that both Defendants either sent or caused to be sent packages containing methamphetamine from Nevada and California to coconspirators in Guam. *Id.*

**II. DISCUSSION**

Defendant Cortez-Zelaya moves the court for a dismissal of the Indictment "on the ground that the Court is without jurisdiction because the offenses with which he is charged are cognizable only in the State and district of Nevada." ECF No. 578, at 1. Defendant Cortez-Zelaya's main argument is that Guam is not a State, citing to the Sixth Amendment and Article III, Section 2, Clause 3, wherein it states that "[t]he Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed."

Thus, Cortez-Zelaya argues that since the crime occurred in Nevada and Nevada is a State, the District Court of Guam does not have jurisdiction over him. *See* ECF No. 579, at 5. In

addition, Defendant Cortez-Zelaya argues that the constitutional rights of the U.S. Constitution do not apply to Guam, because Guam was created by the Organic Act of Guam, which is a statute that can be repealed at any time. *Id.* at 1-2.

### a. Subject Matter Jurisdiction

The Sixth Amendment of the U.S. Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of *the State and district wherein the crime shall have been committed*, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI (emphasis added).

In addition, the U.S. Constitution gave the U.S. Congress the authority to legislate laws and to "make all needful Rules and Regulations respecting the Territory[.]" *See* U.S. CONST. ART. IV, § 3, cl. 2. In accordance with its constitutional authority, Congress established the Organic Act of Guam, which sets forth Guam's Bill of rights. *See* 48 U.S.C. § 1421b. Therein, subsection (g) of § 1421b, provides that "[i]n all criminal prosecutions the accused shall have the right to a speedy and public trial; to be informed of the nature and cause of the accusation and to have a copy thereof; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."

While subsection (g) is not a mirror image of the Sixth Amendment, subsection (u) applies the Sixth Amendment to Guam in its entirety. Subsection (u) provides in pertinent part that "[t]he following provisions of and amendments to the Constitution of the United States are hereby *extended to Guam* to the extent that they have not been previously extended to that

3

territory and *shall have the same force and effect there as in the United States or in any State of the United States*: . . . *the first to ninth amendments inclusive . . . .*" (emphasis added). In addition, while Guam is a territory and not a State, subsection (u) applied the Sixth Amendment to Guam with "the same force and effect [in Guam] as in the United States or in any State of the United States[.]" *Id.*

Not only does the Sixth Amendment apply to Guam in its entirety with the same force and effect as in the United States or in any State of the United States, but Congress also established this court—the District Court of Guam, which "shall have the jurisdiction of a district court of the United States, including, but not limited to, the diversity jurisdiction provided for in section 1332 of title 28, and that of a bankruptcy court of the United States." 48 U.S.C. § 1424(b). Although this court was established under Article IV and not under Article III and it may not have been enumerated as a "District Court" under Chapter 5 of Title 28 of the United States Code (Sections 81-131),[1] Section 1424(b) of Title 48 of the United States Code could not be any clearer as to this court having the same jurisdiction as a district court of the United States.

The United States Supreme Court recognized said jurisdiction in *Territory of Guam v. Olsen*. In that case, the issue presented before the court concerned appellate jurisdiction of the District Court from decisions of local courts in matters arising under local law. *Olsen*, 431 U.S. 195, 200 (1977). The Supreme Court, however, noted that the "District Court of Guam shall have the jurisdiction of a district court of the United States[.]" *Id.*

Consistent with the United States Supreme Court, the Ninth Circuit has held that pursuant to 48 U.S.C. § 1424, the District Court of Guam has jurisdiction to hear criminal cases involving violations of federal law. *United States v. Santos*, 623 F.2d 75, 76 (9th Cir. 1980).

---

[1] Chapter 5 of Title 28, U.S.C., governs the district courts of the United States.

4

### b. Venue is Proper

Pursuant to 18 U.S.C. § 3237(a), "[e]xcept as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed. Any offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves."

In this case, the crime began in Nevada when the packages containing methamphetamine were mailed from there to Guam. In addition, because the offense involved the use of mail, it was a continuing offense. When the package arrived on Guam, the crime was then completed. Accordingly, Guam is a proper venue because the crime was completed on Guam.

In addition, Defendant Cortez-Zelaya filed a supplemental authority, citing to FED. R. CRIM. P. 21. *See* ECF No. 582. The Rule states,

> (a) For Prejudice. Upon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there.
>
> (b) For Convenience. Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice.
>
> (c) Proceeding to Transfer. When the court orders a transfer, the clerk must send to the transferee district the file, or a certified copy, and any bail taken. The prosecution will then continue in the transferee district.
>
> (d) Time to File a Motion to Transfer. A motion to transfer may be made at or before arraignment or at any other time the court or these rules prescribe.

This rule is inapplicable to this case because the present motion before this court is a

5

Case 1:14-cr-00009   Document 619   Filed 03/17/16   Page 5 of 6

motion to dismiss and not a motion for transfer of jurisdiction. A mandatory transfer of jurisdiction occurs only "if the court is satisfied that so great a prejudice against the defendant exists . . . that the defendant cannot obtain a fair and impartial trial" at the existing jurisdiction. FED. R. CRIM. P. 21(a); *see also Parr v. United States*, 351 U.S. 513, 523 (1956) (Warren, J., dissenting) (Rule 21 "allows defendants to obtain changes of venue in order to get fair and impartial trial."). There is no allegation in Cortez-Zelaya's pleadings that he did not receive a fair and impartial trial.

### III. CONCLUSION

Based on the discussion above, the court hereby **DENIES** Defendants Francisco C. Arias and Eder J. Cortez-Zelaya's motion to dismiss the Indictment. Sentencing for the above-named Defendants is hereby set for May 12, 2016, at 1:30 p.m.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Mar 17, 2016**